**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONAL UNION FIRE INSURANCE
COMPANY,OF PITTSBURGH,
PENNSYLVANIA,
<u>Plaintiff-Appellee,</u>

v.

CSX CORPORATION; CSX
INTERMODAL, INCORPORATED, formerly
known as CMX Trucking,

No. 99-2018

Incorporated; CSX SERVICES,
INCORPORATED; O-O TRUCK SALES,
INCORPORATED; CSX/SEA-LAND
TERMINALS, INCORPORATED; BARONIAL
TRANSPORTATION CORPORATION;
CUSTOMIZED TRANSPORTATION,
INCORPORATED; CUSTOMIZED
TRANSPORTATION, LIMITED,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-94-2543-Y)

Submitted: January 25, 2000

Decided: April 14, 2000

Before WILKINSON, Chief Judge, and MICHAEL
and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kenneth C. Bass, III, James K. Archibald, VENABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington, D.C., for Appellants. Mark A. Dombroff, Thomas B. Almy, Mark E. McKinnon, DOM-BROFF & GILMORE, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This declaratory judgment case is on appeal to us for the third time.[1] National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union), claims that one of its liability policies issued to CSX Intermodal, Inc. (CSXI) did not cover CSXI for liability in connection with a train wreck. CSXI's connection to the wreck arises out of its business, which it describes as "intermodal transportation." CSXI transports goods over the highways in truck trailers and then transfers the trailers onto flatbed railway cars for shipment by train. At the train's destination, CSXI unloads the trailers and trucks them to their delivery points. On May 16, 1994, near Selma, North Carolina, a semitrailer that CSXI had loaded onto a railcar came loose on a moving freight train and rotated into the path of an oncoming Amtrak passenger train. The Amtrak train rammed the loosened trailer and derailed, killing the assistant engineer, injuring eleven passengers and crew, and causing considerable property damage.

CSXI gave National Union notice of the accident, requesting coverage under the policy. Thereafter, National Union brought this action

_____

[1] Oral argument was scheduled for January 26, 2000, but a joint motion to continue was granted due to bad weather. Thereafter, we decided to submit the case for disposition on the briefs and the joint appendix.

2

seeking a declaration that it was not obligated to defend or indemnify CSXI for claims arising from the accident. National Union relied on a policy exclusion which says that the insurance company "shall not provide coverage for any claim(s) . . . involving the operation and maintenance of a railroad." The policy does not define the term "operation . . . of a railroad." After a two-day bench trial, the district court entered judgment in favor of National Union, holding that because the train accident itself involved the operation of a railroad, the claims arising out of the accident were within the exclusion. In the first appeal by CSXI, we disagreed with the district court's focus. We concluded that the district court erred in focusing on the type of accident rather than the alleged wrongdoing of the insured, CSXI. In other words, the district court needed to decide whether CSXI was involved in the operation of a railroad when it loaded and fastened the semitrailer onto the flatcar for further transport. In the context of this issue, we said that the term "operation of a railroad" is ambiguous and that extrinsic evidence must be considered. See National Union Fire Ins. Co. v. CSX Corp., No. 96-1226, 1997 WL 770608 at *3 (4th Cir. Dec. 11, 1997) (amended op.). On remand the district court, because of some misunderstanding, did not decide the question we believed central to the coverage issue -- whether CSXI's actions involved the operation of a railroad. Once judgment was entered for National Union a second time, CSXI filed a second appeal, and we remanded once again for the district court to carry out our original instructions. See National Union Fire Ins. Co. v. CSX Corp., No. 97-2657, 1998 WL 393707 (4th Cir. July 2, 1998). On the second remand the district court heard the parties at oral argument and reconsidered the evidence submitted during the earlier bench trial. After reconsideration, the court found "that the loading and unloading of a trailer onto a railroad car constitute the operation and maintenance of a railroad within the meaning of the exception in the . . . policy." National Union Fire Ins. Co. v. CSX Corp., Civ. No. Y-94-2543, mem. op. at 8 (D. Md. June 16, 1999). Judgment was again entered for National Union, and CSXI filed its third appeal. In this round CSXI raises several issues, most of them relating to evidentiary matters.

I.

CSXI first argues that the district court erroneously relied on irrelevant extrinsic evidence in interpreting the term "operation of a rail-

3

road." Specifically, the court considered evidence of whether the railroad industry and government agencies regulating railroads consider the loading of semitrailers on railcars to be a part of railroad operations. These groups, the court found, consider this activity to be "a facet of the railroad industry" or a part of railroad operations. See National Union Fire Ins. Co. v. CSX Corp. Civ. No. Y-94-2543, mem. op. at 6 (D. Md. June 16, 1999). This evidence is irrelevant, CSXI says, because it (CSXI) operates in the intermodal transportation industry, not the railroad industry. We conclude that the evidence is relevant. The policy term "operation . . . of a railroad" unmistakably refers to the railroad industry, and it was proper to consider whether that industry and its regulatory agencies consider the loading of railcars to be part of railroad operations.**2**

CSXI also argues that the district court improperly disregarded the language in an earlier liability policy National Union issued to Santa Fe Pacific Corporation. The Santa Fe policy excluded coverage "for any claim(s) . . . involving the operation and maintenance of a railroad or the loading or unloading of any railroad car(s)." (emphasis added). CSXI argues that the Santa Fe exclusion language indicates that if National Union had wanted to include the loading of railcars within the exclusion in CSXI's policy, it would have said so specifically. The district court considered the language difference in the Santa Fe policy, but it considered it along with all of the other evidence. In the end, the district court said that it did not regard the Santa Fe policy as dispositive. The weight to be accorded the Santa Fe policy was for the trier of fact, in this case the district court itself. See Amplex of Maryland, Inc. v. Outboard Marine Corp. , 380 F.2d 112, 113 (4th Cir. 1967).

## II.

CSXI next argues that because there is an ambiguity in the policy, it must be construed in its favor. Under Maryland law, if policy language is ambiguous, extrinsic evidence may be considered. If the ambiguity remains after extrinsic evidence is considered, the language in question will ordinarily be construed against the insurer. See Col-

_____

**2** It was also proper for the court to consider how the term "operation of a railroad" is construed in the insurance industry.

4

lier v. MD-Individual Practice Assoc., Inc., 607 A.2d 537, 539 (Md. 1992). Here, the district court weighed the extrinsic evidence and found that loading a trailer onto a railcar was excluded from coverage because it involved the operation of a railroad. This finding is not clearly erroneous, and it resolved any ambiguity in the language of the exclusion. Accordingly, the exclusion is not construed against National Union by reason of ambiguity.

III.

At trial National Union called Robert M. Milsop to testify as an expert in the field of "intermodal transportation and insurance." CSXI argues that the district court erred in allowing Milsop to testify that, in his opinion, the exclusion at issue "just absolutely totally excludes railroad claims, suits or liabilities." CSXI argues that this testimony was improper because it was an "invasion of the judicial function and [was] not admissible." CSXI Br. at 21. National Union contends that this argument is waived because CSXI did not object to the testimony. Because CSXI objected to similar testimony by Mr. Milsop earlier in the proceeding, we will assume that the objection was preserved. However, even if Mr. Milsop's testimony about the legal meaning of the exclusion was improper, it was harmless. The district court's opinion reveals that the court did not rely on any legal conclusion offered by Mr. Milsop. Rather, the district court expressly relied on the facts presented to "find[] that the loading and unloading of a trailer onto a railroad car constitute the operation and maintenance of a railroad within the meaning of the exception in the . . . policy."**3**

IV.

The judgment of the district court is affirmed.

AFFIRMED
_____
**3** We have considered CSXI's other arguments and find them to be without merit.

5